AO 245E (Rev. 12/03) - Judgment in a Criminal Case for Organizational Defendants

# Date of Original Judgment: <u>February 22, 2006</u>

(Or Date of Last Amended Judgment)

### Reason for Amendment:

[ ] Correction of Sentence on Remand (Fed.R.Crim.P.35(a))
[ ] Reduction of Sentence for Changed Circumstances
     (Fed. R.Crim.P.35(b))
[ ] Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35©)
[ ] Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

[ ] Modification of Supervision Conditions (18 U.S.C § 3563© or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and
     Compelling Reasons (18 U.S.C. §3582©(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive
     Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582©(2))
[ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255,
     [ ] 18 U.S.C. § 3559©(7), or [ ] Modification of Restitution Order

# United States District Court
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**PREMIO, INC**. | **JUDGMENT IN A CRIMINAL CASE**<br>(For Organizational Defendants)<br><br>Case Number:   CR-06-0086 CRB<br><br>Paul J. Loh<br>707 Wilshire Blvd<br>Los Angeles, CA 90017<br>Defendant Organization's Attorney |

### THE DEFENDANT ORGANIZATION:

[**x**]   pleaded guilty to count(s): <u>1 and 2 of the Information</u> .
[ ]   pleaded nolo contendere to count(s) __ which was accepted by the court.
[ ]   was found guilty on count(s) __ after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offense(s).

| Title & Section | Nature of Offense | Offense<br>Ended | Count |
|---|---|---|---|
| 15 U.S.C. § 1 | Sherman Antitrust Act | December 31, 2000 | 1 |
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud and Aiding and Abetting | December 31, 2000 | 2 |

The defendant organization is sentenced as provided in pages 2 through <u>7</u> of this judgment.

[ ]   The defendant organization has been found not guilty on count(s) ___ .

[ ]   Count(s) __ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant organization shall notify the court and United States attorney of material changes in economic circumstances.

AO 245E (Rev. 12/03) - Judgment in a Criminal Case for Organizational Defendants

Defendant Organization's Federal Employer I.D.: 36-4152-757

Defendant Organization's Principal Business Address:
918 Radecki Court
City of Industry, CA 91748

Defendant Organization's  Mailing Address:
918 Radecki Court
City of Industry, CA 91748

February 22, 2006
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable Charles R. Breyer, U. S. District Judge
Name & Title of Judicial Officer

March 6, 2006
Date

AO 245E (Rev. 12/03)  - Probation

| | | |
|---|---|---|
| DEFENDANT: | PREMIO, INC. | Judgment - Page 3  of  7 |
| CASE NUMBER: | CR-06-0086 CRB | |

## PROBATION

The defendant organization is hereby placed on probation for a term of  three (3) years .

The defendant organization shall not commit another federal, state, or local crime.

If the judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

AO 245E (Rev. 12/03)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | PREMIO, INC. | Judgment - Page 4 of 7 |
| CASE NUMBER: | CR-06-0086 CRB | |

## STANDARD CONDITIONS OF SUPERVISION

1) Within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;

2) The defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) The defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) The defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) The defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) The defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7) The defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

AO 245E (Rev. 12/03)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | PREMIO, INC. | Judgment - Page 5 of 7 |
| CASE NUMBER: | CR-06-0086 CRB | |

## SPECIAL CONDITIONS OF SUPERVISION

See attachment Exhibit B to Plea Agreement: Special Conditions of Probation.

AO 245E (Rev. 12/03) -Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | PREMIO, INC. | Judgment - Page 6 of 7 |
| CASE NUMBER: | CR-06-0086 CRB | |

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments set forth in this judgment.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 800.00 | $ 400,000.00 | $ 1,300,000.00 |

[ ]   The determination of restitution is deferred until  _.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x]   The defendant organization shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| FEDERAL COMMUNICATION COMMISSION (FCC) | $1,300,000.00 | $1,300,000.00 | |
| Totals: | $ **1,300,000.00** | $ **1,300,000.00** | |

[x]   Civil Settlement and Restitution amount ordered pursuant to plea agreement $ **1,300,000.00** See Exhibit A of the Plea Agreement.

[x]   The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payment Page, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

[ ]   the interest requirement is waived for the    [ ] fine   [ ] restitution.

[ ]   the interest requirement for the    [ ]  fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E (Rev. 12/03) -Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | PREMIO, INC. | Judgment - Page 7 of 7 |
| CASE NUMBER: | CR-06-0086 CRB | |

# SCHEDULE OF PAYMENTS

  Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [**x**]  Lump sum payment of $800.00 due immediately.
     [ ]   not later than _____, or
     [**x**]  in accordance with ( ) C, or (x) D; or

B   [ ]  Payment to begin immediately (may be combined with ( ) C, or ( ) D below); or

C   [ ]  Payment in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of ___ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [x ] Special instructions regarding the payment of criminal monetary penalties: see attached Exhibit C of the Pea  Agreement: Criminal Fine Repayment Schedule.

All criminal monetary penalties are made to the Clerk of Court, U.S. District Court, 450 Golden Gate Avenue, San Francisco, CA 94102.
The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   [ ]  Joint and Several

| Case Number Defendant and Co-Defendant Names (including Defendant Number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

   [ ]  The defendant organization shall pay the cost of prosecution.
   [ ]  The defendant organization shall pay the following court cost(s):
   [ ]  The defendant organization shall forfeit the defendant organization's  interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,  (5) fine interest, (6) community restitution (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT B TO PLEA AGREEMENT
# SPECIAL CONDITIONS OF PROBATION

1        UNITED STATES DISTRICT COURT

2       NORTHERN DISTRICT OF CALIFORNIA

3        SAN FRANCISCO DIVISION

4

5 UNITED STATES OF AMERICA,  )  Case No.
             )
6  Plaintiff,       )  SPECIAL CONDITIONS OF PROBATION
             )
7    v.        )
             )
8 PREMIO, INC., f/k/a PREMIO   )
  COMPUTER, INC.,     )
9            )
  Defendant.      )
10 _____)

11    The defendant, Premio, Inc., (formerly known as Premio Computer, Inc., and hereafter,

12 "Premio" or "defendant"), a corporation organized under the laws of Illinois with its principal

13 place of business in City of Industry, California, makes and sells its computers, servers, software

14 and peripheral equipment to wholesale, commercial and government clients.  Premio also

15 provides maintenance and other services as needed for the equipment it supplies.  The defendant

16 offered and sold the products and services to schools within the United States pursuant to a

17 program operated under the auspices of the Federal Communications Commission (the "FCC")

18 and administered by the Universal Service Administrative Company ("USAC").  The program,

19 commonly referred to as the E-Rate program, was created by Congress to permit schools and

20 libraries to acquire the needed technology to access and utilize the Internet.  The defendant

21 became the subject of a grand jury investigation arising out of doing business related to the E-

22 Rate program.  After having cooperated in the investigation and seeking a mutually agreeable

23 settlement of all claims related thereto, the defendant has entered into a plea agreement with the

24 United States in which the defendant pleaded guilty to a two-count felony Information.  Count

25 One charges the defendant with conspiracy to suppress and eliminate competition in violation of

26 the Sherman Antitrust Act, 15 U.S.C. § 1.  Count Two charges the defendant with mail fraud and

27 aiding and abetting in violation of 18 U.S.C. § 1341 and 2.  These charges result from the

28 defendant conspiring with others to frustrate the public bidding process under the E-Rate

Exhibit B - Special Terms of Probation

1  program and submitting false and misleading information to the Schools and Library Division of

2  USAC ("SLD") in order to receive funding for products and services not authorized under the E-

3  Rate program.  To address the issues raised in the plea agreement concerning its conduct, and

4  having determined that the following conditions will constitute reasonable and necessary steps to

5  avoid the reoccurrence of the conduct which was the subject of the plea agreement, the defendant

6  agrees, and the Court hereby imposes the following as a special condition of probation for the

7  entire three-year term of probation.  In so doing, the Court is not in any way limiting the authority

8  of any agency of the United States to take any action permitted by law or regulation.

9       1.     Within sixty (60) days of acceptance of the plea agreement by the Court, the

10            defendant shall formally adopt a comprehensive Anti-Fraud and Antitrust

11            Compliance Policy (the "Compliance Policy") and shall provide copies of said

12            policy to the Probation Officer, FCC Enforcement Bureau and the FCC-OIG.  At a

13            minimum, the Compliance Policy will address the following:

14            a.     Creating an internal structure requiring high level management oversight

15                 of all government and public entity business;

16            b.     Creating an internal system of monitoring and audits to include steps to be

17                 taken if any employee suspects that any bid, proposal or other company

18                 conduct is not in accordance with the company's Compliance Policy

19                 and/or applicable law;

20            c.     Educating and training all responsible employees about their obligations,

21                 including government procurement law, regulations and procedures;

22                 criminal and civil penalties for mail fraud, wire fraud, false statements,

23                 obstruction of justice, and false claims and other related conduct; and the

24                 requirements for adherence to the antitrust laws; and

25            d.     Ensuring that there are regular reports to the CEO and Board of Directors

26                 and, if Premio participates or attempts to participate in the E-Rate program

27                 during the probation period, at least annual reports to the FCC

28                 Enforcement Bureau and FCC-OIG of Compliance Policy activities.

2.      Within sixty (60) days of acceptance of the plea agreement by the Court, the defendant shall designate an officer of the defendant to be the Compliance Officer responsible for the enforcement of the Anti-Fraud and Antitrust Compliance Policy. This shall include:

a.      Creating and overseeing internal policies and procedures to ensure that all company activities involving government-sponsored or funded programs or any other business with any public entities is conducted in accordance with applicable law;

b.      Ensuring that either the Compliance Officer personally or someone under his/her direct supervision is an experienced contract manager knowledgeable about governmental laws and regulations relating to public sector procurement;

c.      Requiring the Compliance Officer and those under his/her direct supervision to oversee the enforcement of the Anti-Fraud and Antitrust Compliance Policy as it applies to all company activities involving government-sponsored or funded programs or any other business with any public entities;

d.      Creating and overseeing an ongoing mandatory education and training program for all officers, directors, sales, technical staff and other employees directly involved in the preparation of bid and related contractual materials for any government-sponsored or funded programs or any other business with any public entities in order to apprise them of all governmental laws and regulations relating to public sector procurement and the requirements of the Compliance Policy. If Premio participates or attempts to participate in the E-Rate program during the probation period, the Compliance Officer shall ensure and certify under penalty of perjury that all affected individuals have received such training on at least a yearly basis and shall provide the certification to the Probation Officer, FCC

1    Enforcement Bureau and FCC-OIG.

2        e.    If Premio participates or attempts to participate in the E-Rate program

3    during the probation period, the Compliance Officer shall be the central

4    point of contact for (a) documenting and distributing E-Rate program

5    requirements throughout the company; (b) monitoring changes in the E-

6    Rate rules and regulations to ensure the documentation and distribution of

7    such changes; (c) ensuring that all employees who are involved with the E-

8    Rate program receive training; (d) arranging monthly meetings with key

9    company executives to ensure consistent implementation of the E-Rate

10    rules and regulations across the company.

11    3.    The Compliance Officer's salary and other compensation, as well as the salary and

12    other compensation of any employees under the Compliance Officer's

13    supervision, shall be independent of any contracts or other government-sponsored

14    or funded programs or other public entity business.

15    4.    The Compliance Officer shall create and oversee an internal auditing program in

16    which all public sector contracts shall be audited to ensure compliance with the

17    Compliance Program to include that bids, prices and design specifications are

18    appropriate and that there are no hidden terms, side agreements or other

19    undisclosed arrangement; and that all bids and pricing have been done in

20    accordance with all applicable laws and procedures.

21    5.    The Compliance Officer shall create, oversee and promote an internal voicemail

22    or email hotline system in which all employees are encouraged to report, on an

23    anonymous basis, any believed violation of law by any officer or employee.

24    6.    The Compliance Officer shall be responsible for monitoring the internal hotline

25    system and undertaking all reasonable and necessary investigations arising from

26    any reported matter(s).

27    7.    The Compliance Officer shall, on at least a quarterly basis, report to the

28    defendant's CEO and Audit Committee as to the enforcement of the Compliance

Exhibit B - Special Terms of Probation    4

1    Policy and the various measures called for herein including the status of any

2    anonymous complaints or reports received from any employees.

3    8.    On at least an annual basis, the Compliance Officer shall make a report to the full

4    Board of Directors as to the status of the Compliance Policy and the various

5    measures called for herein.  If Premio participates or attempts to participate in the

6    E-Rate program during the probation period, the annual reports shall also be

7    provided to the Probation Officer, FCC Enforcement Bureau and FCC-OIG.

8    9.    The Compliance Officer shall meet regularly (at least monthly) with key

9    executives in the following business units to ensure compliance with all

10    applicable internal company rules and regulations and all E-Rate or other

11    telecommunication program requirements:  accounting, finance, installations (i.e.

12    service technicians), legal, marketing, and sales.

13    10.    If Premio participates or attempts to participate in the E-Rate program during the

14    probation period, prior to submitting any bid or application for any E-Rate funded

15    project:

16    a.    The Compliance Officer shall prepare and distribute a written training

17    program to be used in formal training of Premio's employees involved in

18    the E-Rate program, including employees involved in accounting, finance,

19    sales, marketing, and installations.  Among other things, this training

20    program shall cover the following subject matters:  the application

21    process, competitive bidding, eligible services, service provider role and

22    responsibilities, discounts, service substitutions and equipment transfers,

23    billing SLD for services, document retention requirements, and risk of

24    non-compliance.  All employees who are involved in the E-Rate program

25    must certify their completion of the training program.  All future

26    employees involved with the E-Rate program must certify their completion

27    of the training program.  All future employees involved with the E-Rate

28    program shall receive such training and shall certify completion of the

Exhibit B - Special Terms of Probation          5

training program within 14 days of the date on which such individuals are appointed or hired to such positions. These employee certifications must be collected and maintained by the Compliance Officer for a period of five (5) years.

b.   The Compliance Officer shall establish an E-Rate Code of Conduct ("Code"), which will conform to this Corporate Compliance Plan and which will be signed by all employees involved with the E-Rate program. All subject employees shall reaffirm annually, in writing, that they have reviewed, fully understand, and will adhere to the Code.

c.   The Compliance Officer shall inform all employees involved with the E-Rate program that any violation of the E-Rate Code shall be grounds for disciplinary action to include warning, censure, reprimand, suspension, loss of pay and firing depending on the severity of the violation and the repetitive nature of the misconduct.

11.   The Compliance Officer shall review all company bids in response to Form 471 Applications. For each bid, the Compliance Officer will certify that all E-Rate rules and regulations were followed in preparing the bid and all related contractual materials. Such certifications must be maintained by the Compliance Officer for a period of five (5) years.

12.   The Compliance Officer shall collect Form 471 Applications from each customer or prospective customer. The Compliance Officer or his/her designee shall perform a reconciliation for each Form 471 Application to the company's responsive bid and to the resulting contract or business agreement. The Compliance Officer shall keep a copy of the resulting reconciliation worksheet for each application and shall update it as necessary to show any exchanges, substitutions, or cancellations. The Compliance Officer shall maintain these reconciliation worksheets for a period of five (5) years.

13.   The Company shall separate all E-Rate eligible and ineligible products and service

Exhibit B - Special Terms of Probation          6

1     onto separate customer contracts per installation.

2  14.  In addition to any applicable FCC regulation or program requirement, and as a

3     condition of any future participation in the E-Rate program or other government-

4     sponsored or funded telecommunication programs, the defendant agrees that the

5     FCC Enforcement Bureau and FCC-OIG, acting directly or through its agents,

6     may, on an annual basis, audit defendant's compliance with applicable laws and

7     regulations relating to the E-Rate or other government sponsored or funded

8     telecommunication programs to assure adherence to the terms and conditions of

9     those programs.  Defendant shall bear all ordinary and reasonable costs of any

10     such audit(s).

11  15.  On an at least annual basis, within thirty (30) days after the close of defendant's

12     fiscal year, the defendant shall file a report signed under the penalty of perjury by

13     the CEO with the FCC Enforcement Bureau and FCC-OIG concerning the

14     defendant's compliance with the Compliance Policy.  This report shall certify that

15     all required oversight, training and educational activities have been undertaken in

16     accordance with the requirements of the Compliance Policy.  In the alternative,

17     the report shall detail any shortcomings in following the Compliance Policy and

18     the steps taken, and those that will be taken, to ensure compliance.  This report

19     shall also include a detailed description of any violations that were found during

20     the applicable period, the steps taken to cure the violations and any subsequent

21     steps taken to ensure future compliance.

22  16.  The defendant agrees that should it fail to provide the reports required herein on a

23     timely basis, it shall be responsible for liquidated damages to the United States in

24     the amount of $25,000 per day until the report is received by the FCC

25     Enforcement Bureau and FCC-OIG. The FCC Enforcement Bureau and FCC-

26     OIG may require the defendant to provide additional information as necessary

27     concerning any incidents or other activities contained in the annual report.  If the

28     defendant materially fails to provide such information within the time requested

1    or within ten (10) days of such request, whichever is longer, the defendant agrees

2    that it will continue to be liable for liquidated damages in the amount of $25,000

3    per day until such information is provided to the satisfaction of the FCC

4    Enforcement Bureau and FCC-OIG.

5    17.    If all or substantially all of the defendant's assets are transferred to a successor

6    organization, that entity shall, as a condition of purchase and by operation of law,

7    become subject to the terms of these special conditions of probation.  Prior to any

8    sale, dissolution, reorganization, assignment, merger, acquisition or other action

9    that would result in a successor or assign for provision of the company's E-Rate-

10    related services, the company will furnish a copy of this compliance plan to such

11    prospective successor or assigns and advise same of their duties and obligations

12    under the compliance plan.

13

14    IT IS SO ORDERED.

15    Dated: February 22, 2006

16    _____
      HONORABLE CHARLES R. BREYER
      United States District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B - Special Terms of Probation        8

# EXHIBIT C TO PLEA AGREEMENT
# CRIMINAL FINE REPAYMENT SCHEDULE

EXHIBIT C

| Time | Criminal Amt Owing | Interest @ 5% | Total Payment | Balance |
|---|---|---|---|---|
| Settlement Date | $400,000.00 | $0.00 | $80,000.00 | $320,000.00 |
| 4/1/06 | $320,000.00 | $4,000.00 | $18,182.52 | $305,817.48 |
| 7/1/06 | $305,817.48 | $3,822.72 | $18,182.52 | $291,457.68 |
| 10/1/06 | $291,457.68 | $3,643.22 | $18,182.52 | $276,918.38 |
| 1/1/07 | $276,918.38 | $3,461.48 | $18,182.52 | $262,197.34 |
| 4/1/07 | $262,197.34 | $3,277.47 | $18,182.52 | $247,292.29 |
| 7/1/07 | $247,292.29 | $3,091.15 | $18,182.52 | $232,200.92 |
| 10/1/07 | $232,200.92 | $2,902.51 | $18,182.52 | $216,920.91 |
| 1/1/08 | $216,920.91 | $2,711.51 | $18,182.52 | $201,449.90 |
| 4/1/08 | $201,449.90 | $2,518.12 | $18,182.52 | $185,785.51 |
| 7/1/08 | $185,785.51 | $2,322.32 | $18,182.52 | $169,925.31 |
| 10/1/08 | $169,925.31 | $2,124.07 | $18,182.52 | $153,866.85 |
| 1/1/09 | $153,866.85 | $1,923.34 | $18,182.52 | $137,607.67 |
| 4/1/09 | $137,607.67 | $1,720.10 | $18,182.52 | $121,145.24 |
| 7/1/09 | $121,145.24 | $1,514.32 | $18,182.52 | $104,477.04 |
| 10/1/09 | $104,477.04 | $1,305.96 | $18,182.52 | $87,600.48 |
| 1/1/10 | $87,600.48 | $1,095.01 | $18,182.52 | $70,512.97 |
| 4/1/10 | $70,512.97 | $881.41 | $18,182.52 | $53,211.86 |
| 7/1/10 | $53,211.86 | $665.15 | $18,182.52 | $35,694.49 |
| 10/1/10 | $35,694.49 | $446.18 | $18,182.52 | $17,958.15 |
| 1/1/11 | $17,958.15 | $224.48 | $18,182.63 | $0.00 |
| | | $43,650.51 | $443,650.51 | |
| | | | | |
| **Interest Compounded Quarterly** | | | | |

PLEA AGREEMENT